IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUSTIN LEE RYAN,

    Plaintiff,                           No. 2:10-cv-1791 KJN P

    vs.

CALIFORNIA DEPARTMENT OF
REHABILITATION, BOARD OF
PAROLE HEARINGS,

    Defendant.                          <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff also seeks leave to proceed in forma pauperis.  Plaintiff filed this action while incarcerated at Deuel Vocational Institution; he is now incarcerated at Pelican Bay State Prison.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), along with a certificate signed by an institutional official that indicates a zero balance in plaintiff's prison trust account.  However, because it is unclear whether this case, if it proceeds at all, should proceed as a civil rights action or as a petition for writ of habeas corpus, the court will defer ruling on plaintiff's application to proceed in forma pauperis.

        The court is required to screen complaints brought by prisoners seeking relief

1

1  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
2  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
3  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
4  granted, or that seek monetary relief from a defendant who is immune from such relief.
5  28 U.S.C. § 1915A(b)(1),(2).

6      Plaintiff's complaint alleges that plaintiff was denied due process by the failure of
7  the Board of Parole Hearings ("Board") to timely convene a probable cause hearing concerning
8  the revocation of plaintiff's parole.  Plaintiff seeks "relief of sentence," "stipulation of relief,"
9  and "compensation for false imprisonment."  (Dkt. No. 1, at 3.)  On his "Civil Cover Sheet" form
10  plaintiff cites Valdivia v. Schwarzenegger, 599 F.3d 984 (9th Cir. 2010), reh. den., 623 F.3d 849
11  (2010) (class action of California parolees challenging, inter alia, the state's procedures for
12  revoking parole).

13      As framed, plaintiff's claim may not proceed pursuant to Section 1983.  A
14  challenge to plaintiff's confinement based on parole revocation procedures must generally be
15  brought pursuant to a petition for writ of habeas corpus after exhaustion of state court remedies.
16  28 U.S.C. § 2254.  A damages action pursuant to 42 U.S.C. § 1983 is foreclosed to plaintiff
17  unless he first establishes the invalidity of his parole revocation.  Heck v. Humphrey, 512 U.S.
18  477 (1994).  An exception would be, "[i]f, for example, petitioner were to seek damages 'for
19  using the wrong procedures, not for reaching the wrong result,' and if that procedural defect did
20  not 'necessarily imply the invalidity of' the revocation. . . ."  Spencer v. Kemna, 523 U.S. 1, 17
21  (1989), quoting Heck, 512 U.S. at 482-83, 487; see also Edwards v. Balisok, 520 U.S. 641,
22  645-49 (1997).  However, such exception would be subject to the requirement that plaintiff first
23  exhaust his administrative remedies.  42 U.S.C. § 1997e(a).  Here, plaintiff states that his parole
24  was revoked on June 23, 2010, and that no administrative remedies are available to him.  (Dkt.
25  No. 1, at 2.)  While "unavailability" may be a valid exception to the requirement of
26  administrative exhaustion, see e.g., Nunez v. Duncan, 591 F.3d 1217, 1223-25 (9th Cir. 2010),

plaintiff fails to articulate such an exception.  Moreover, even if plaintiff sought to convert this action to a petition for writ of habeas corpus, it does not appear that he has had sufficient opportunity to exhaust his state court remedies.  Finally, the only defendant currently identified by plaintiff is immune from suit under Section 1983.  See e.g., Quern v. Jordan, 440 U.S. 332 (1979) (state agency immune from damages suit under Eleventh Amendment).  If plaintiff pursued this matter in a habeas petition, the only respondent would be the warden of the institution in which plaintiff is incarcerated.  See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

For these several reasons, plaintiff's complaint must be dismissed.  Plaintiff will, however, be given the opportunity to file an amended civil rights complaint or a petition for writ of habeas corpus.  Upon review of an amended pleading, the court will make a final determination on plaintiff's application to proceed in forma pauperis.  Alternatively, plaintiff may request dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The court defers ruling on the application to proceed in forma pauperis;

2. Plaintiff's complaint is dismissed; and

3. Within thirty days after the filing date of this order, plaintiff shall file an amended pleading consistent with this order or request dismissal of this action.

SO ORDERED.

DATED:  December 10, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ryan1791.scrn