IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUSTIN LEE RYAN,

    Plaintiff,                     No. 2:10-cv-1791 KJN P

    vs.

CALIFORNIA DEPARTMENT OF
REHABILITATION, BOARD OF
PAROLE HEARINGS,

    Defendant.                  ORDER

          Plaintiff is a state prisoner proceeding without counsel who has consented to the jurisdiction of the magistrate judge for all purposes. (Dkt. No. 4.) See 28 U.S.C. § 636(c) and E.D. Cal. L. R. ("Local Rule") 305(a). On December 13, 2010, this court dismissed plaintiff's initial pleading and deferred ruling on plaintiff's application to proceed in forma pauperis. (Dkt. No. 6.) The court granted plaintiff leave to file, within thirty days, either an amended civil rights complaint or a petition for writ of habeas corpus, or to request dismissal of this action.

          Plaintiff has not responded to the court's order, which the court construes as an implicit request that this action be dismissed.

          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,

1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining that this action should be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal. As the court explained in its prior order, plaintiff's initial pleading improperly combined elements of both a habeas corpus action and a civil rights action, as to both the claims asserted and the relief sought. The pleading also failed to assert or demonstrate exhaustion of plaintiff's state or administrative remedies. The court informed plaintiff of the requirements for pursuing either type of action. Plaintiff's failure to respond indicates his recognition that his claims are not ripe for litigation. Plaintiff's failure to respond to the court's order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue. Under these circumstances, the remaining Ferdik factors are essentially irrelevant. No defendant has been served process, and hence cannot be prejudiced by dismissal; the merits of this action have not been identified, thus dismissal does not undermine the public policy favoring the resolution of cases on their merits; and there remains no reasonable less drastic alternative. See Ferdik, 963 F.2d at 1263.

////
////
////
////

1        Accordingly, IT IS HEREBY ORDERED that this action be dismissed without
2  prejudice pursuant to Federal Rule of Civil Procedure 41(b).
3  DATED: February 28, 2011

                                                KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE

ryan1791.46fr.kjn